## Gold Standard National Bank, Appellant, *v.* Shannon et al.

*Judgments—Judgments entered on same day—Execution—Distribution of assets—Reduction of one judgment by collateral agreement—Share of proceeds of execution.*

Where two judgments are entered the same day and execution is issued thereon the amount to which each is entitled depends on the actual sum due on the judgments. Where one of the judgments has been compromised and reduced, and a collateral agreement executed setting forth the facts and defining the indebtedness, the assignee of such judgment, can only participate in the distribution, in proportion to the amount of the debt of the original judgment, as determined under the collateral agreement.

Argued April 11, 1921. Appeal, No. 8, April T., 1921, by plaintiff, from judgment of C. P. Clarion Co., May T., 1917, E. D. No. 20, sustaining exceptions to auditor's report in the case of P. M. Yeany, to use of Gold Stand-

ard National Bank of Marienville, Pa., v. I. M. Shannon, Executor of the Last Will and Testament of E. Y. Shannon, deceased, and L. A. Baker. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Exceptions to auditor's report awarding distribution of the proceeds of the sale of real estate by the sheriff. Before MCCORMICK, P. J., 25th Judicial District, specially presiding.

The case was referred to A. A. Geary, Esq., as auditor, who made distribution as set forth in the opinion of the Superior Court.

On exceptions to the auditor's report and court sustained the exceptions and restated the account. Plaintiff appealed.

*Errors assigned,* among others, were various findings of fact and conclusions of law and the decree of the court.

*H. M. Rimer,* of *Maffett & Rimer,* for appellant.

*George F. Whitmer,* and with him *S. K. Clarke* and *W. W. Hindman,* for appellee.

OPINION BY HEAD, J., July 14, 1921:

The question involved in this appeal arises out of the distribution of the proceeds of a sale of real estate by the sheriff. The controversy is between two judgment creditors whose judgments were entered on the same day, each in the same amount, against Mrs. E. Y. Shannon, the defendant's testatrix. As to the claim of the present appellant and the judgment on which it is founded, there appears to be no question. The material facts upon which the appellant relies to support the distribution, as reported by the auditor and to set aside that made by the court on exceptions to the auditor's report are these: Mrs. E. Y. Shannon, the defendant in the judgment in

favor of the Second National Bank, was a married woman. That bank had become financially involved and a receiver for it had been duly appointed. The judgment in question was confessed by a warrant of attorney attached to a single bill. Mr. Rugh, of the law firm of Corbett & Rugh, testified that the note was entered of record by him, acting for his firm; that the debt was $3,000, and that the judgment, as confessed, included an attorney's commission of five per cent, so the judgment was entered and indexed as $3,150. He further testifies that a controversy had arisen as to the liability of Mrs. Shannon on the note, it being claimed that she was but a surety for her husband and that the money was raised for his sole benefit. As a result of this a compromise was effected, the substance of which was thus stated by the witness: "After some examination of the records of the bank and negotiations, there was an agreement between the receiver and Mrs. Shannon to compromise the indebtedness represented by this judgment and also a $500 assessment on five shares of the stock of the bank held by Mrs. Shannon for the sum of $1,200." One thousand dollars was to be paid on the judgment and $200 on the assessment and after this amount was agreed upon, a mortgage was taken from Mrs. Shannon to the receiver to secure the payment of the said $1,200.

A formal agreement in writing was executed by the receiver for the bank and by Mrs. Shannon, in which it was declared that the mortgage given by Mrs. Shannon and her husband for the sum of $1,200, "is given as collateral security to secure the payment of $1,000 of the judgment now held by the said Second National Bank against the said Mrs. E. Y. Shannon,......and also to secure the payment of the sum of $200 of the assessment of $500 against the said Mrs. E. Y. Shannon, on her five shares of the capital stock of the said Second National Bank, and is not given as a payment of the said judgment or assessment. It is further agreed that upon the payment of the said sum of $1,200 with interest, the said

payment shall be in full satisfaction of the said judg-ment and assessment, and it is agreed that the receiver shall receipt in full for the amount of said assessment and shall assign the said judgment to such person as the said Mrs. E. Y. Shannon may direct."

An execution was issued upon the judgment of the appellant and the fund realized therefrom was brought into court for distribution. The auditor appointed by the court to make that distribution found that, as a re-sult of the compromise agreement referred to, when the bank had received the full sum of $1,200 with interest, its claim against the defendant therein was fully paid and satisfied. The money necessary to pay the bank was advanced by one Baker who paid the sum of $1,415, which included costs, and took an assignment of the judgment. The court below and the auditor were in har-mony on the proposition that the bank or its receiver could assign nothing more than it in fact had.

The judgment of record was not the debt itself but was the evidence of the debt between the bank and its debtor. It is manifest that after the execution of the agreement hereinbefore referred to, the bank, for a valu-able consideration, reduced the debt from the amount indicated on the face of the judgment, to wit, $3,150, to the sum of $1,200 with interest. In the face of its own agreement, the bank could demand no more. That debt which it could collect from its debtor, and only that, passed to its assignee. To hold otherwise would sub-ject the defendant to a wrong so wholly unconscionable that no court could lend its aid in bringing it about. But it is said there was no consideration moving to the bank to support the agreement. This does not harmon-ize with the testimony of Mr. Rugh already quoted and no one undertakes to contradict what he said. Whilst it is true that the bank surrendered a very substantial portion of its claim, it is equally true that, instead of a security open to a dangerous defense on the part of the

defendant, it received other security that could not be easily questioned.

The judgment was assigned to Baker without any reference to the modifying agreement. But he himself testifies that he was told by Mr. Rugh the judgment could be purchased for $1,200 and costs. He further testifies he had an arrangement with one M. C. Shannon, the party really now in interest, that after he, Baker, got back his own money, any balance he might be able to recover by virtue of his assignment, was to be handed over to the said M. C. Shannon. This clearly shows what Baker undertook to buy.

The auditor gave force and effect to the agreement as it had been executed and made distribution between the two judgment creditors, on the assumption that the real debt due to the Second National Bank and its assignee was but $1,200 and interest instead of $3,150, the face of the judgment. As already pointed out, the court below set aside the auditor's distribution in this respect, and allowed the judgment to participate as if the debt were $3,150; giving no effect whatever to the modifying agreement between the bank and its debtor. We have already seen the court fell into error in assuming that no consideration moved to the bank to support the agreement. His opinion filed further declares, "The competent evidence fails to show that the agreement of June 18, 1913, was made because Mrs. Shannon threatened to interpose her coverture as a defense to the judgment." Why was not Mr. Rugh, the attorney for the bank, a competent witness? His testimony is clear and convincing to us and we can discover nothing in the record to support the conclusion of the court below just quoted. We are all of opinion the distribution made by the auditor rested upon sound principles and should not have been disturbed. It follows that the redistribution made by the court was wrong.

The order or decree of the court below is set aside and the record is remitted to the court below with direction

to finally confirm the distribution of the fund as it appears in the auditor's report. The costs of this appeal to be paid by the appellee, L. A. Baker.